IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES GONZALES,

        Petitioner,

vs.                                                                       No. CIV 02-105 WPJ/LFG

JOE R. WILLIAMS,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

    1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed January 28, 2002. Respondent filed his Answer [Doc. 10] on April 2, 2002. Petitioner James Gonzales ("Gonzales") filed a Motion for Summary Judgment which was denied on May 22, 2002 [Doc. 16]. On August 16, 2002, Gonzales filed a "Motion for Order for Status and Final Disposition on Case" [Doc. 17]. On June 4, 2002, the Court granted Gonzales' "Motion to Submit Documents in Support to Court to Grant Equitable Tolling" [Doc. 14]. The Court recommends that the petition be denied and the case dismissed, and that the Motion for Final Disposition be denied as moot.

    2. Gonzales is currently confined in the Lea County Correctional Facility in Hobbs, New

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Mexico. He challenges the judgment and sentence entered by the Twelfth Judicial District Court in State v. Gonzales, CR-95-486 (County of Otero, New Mexico). On May 29, 1996, a jury found Gonzales guilty of Murder in the First Degree, Conspiracy to Commit Murder in the First Degree, and Tampering with Evidence. He was sentenced to life imprisonment plus nine years. He appealed, and his conviction was affirmed by the New Mexico Supreme Court on October 17, 1997.

3. Gonzales filed a state habeas petition on March 18, 1998. The petition was denied by the state district court on the same day it was filed. Gonzales did not seek certiorari in the state supreme court following denial of the petition. He filed a second state habeas petition on November 16, 2001. This second petition was denied the same day, and his petition for writ of certiorari on this ruling was denied by the state supreme court on December 14, 2001.

4. Respondent contends, *inter alia*, that Gonzales' claims are barred by the one-year limitation period in 28 U.S.C. § 2244(d). The Court agrees.

5. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), amended federal habeas corpus procedures by adding a one-year statute of limitations for § 2254 petitions. AEDPA became effective on April 24, 1996. *See*, United States v. Simmonds, 111 F.3d 737, 745 n.10 (10th Cir. 1997). Gonzales was convicted and sentenced after this date, and his current federal habeas petition is therefore subject to the one-year limitation period of AEDPA.

6. 28 U.S.C. § 2244(d)(1)(A) provides that the one-year limitations period begins to run from the date on which the judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." As noted above, the state supreme court affirmed Gonzales' conviction in a decision filed on October 17, 1997, with judgment entered sometime

between that date and November 10, 1997.[2] Gonzales had ninety days thereafter to file a certiorari petition in the United States Supreme Court, Sup. Ct. R. 13, although he did not do so. The "expiration of the time for seeking such review," therefore, fell ninety days after November 10, 1997, or on February 8, 1998. Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999); Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year limitations period established by AEDPA expired one year later, or February 8, 1999.

7. The AEDPA limitations period is tolled, however, for any time during which Gonzales had pending "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Gonzales filed his first state habeas petition on March 18, 1998, and it was denied the same day. He did not seek certiorari in the state supreme court following this denial, but the 30-day period for filing a petition for certiorari (*see*, N.M.R.A. 12-501) is added to the tolling period. Gibson v. Klinger, 232 F.3d 799, (10th Cir. 2000). Thus, the Court adds 31 days to the tolling period, and finds that the last date on which Gonzales could file his federal habeas petition was March 11, 1999. As noted above, he did not file the instant petition until January 28, 2002, nearly three years past the deadline.

8. Gonzales filed a second state habeas petition on November 16, 2001. It was denied the same day, and the state supreme court denied certiorari on December 14, 2001. The time during which this petition was pending cannot, of course, be added onto the tolling period, since the second

---

[2]United States Supreme Court Rule 13 provides that a petition for writ of certiorari to review a judgment in any case entered by a state court of last resort must be filed "within 90 days after entry of the judgment." The state supreme court's decision in State v. Gonazles was filed on October 17, 1997. The record in this case does not indicate the exact date of "judgment"; however, Gonzales supplied the Court with a letter written by his appellate counsel, enclosing a copy of the mandate from the New Mexico Supreme Court (described in error as the Court of Appeals). This letter is dated November 10, 1997. [Doc. 13, Ex. D]. The Court will use this date as the "date of judgment," in order to give Gonzales the benefit of any doubt on the limitations issue.

3

petition was filed after the limitations period had already expired. *See*, Matthews v. Workman, 37 Fed. Appx. 454, 456, 2002 WL 1272257, at *1 (10th Cir. June 10, 2002): "Mr. Matthews filed two motions for post-conviction relief in Oklahoma state court. However, the first was filed on February 28, 2001, long after the statute of limitations had expired [and it therefore does not extend the tolling period]."

9. Although he clearly missed the deadline, Gonzales argues that the limitations period should be equitably tolled, because he was transferred to Arizona from May 1997 until May 1998 where there was no law library available to him, and after he was returned to New Mexico in May 1998, he was housed in a facility which was still under construction and had no law library available. He contends that he was denied meaningful access to the courts in that prison authorities did not provide him meaningful law library access and the law library did not contain a copy of AEDPA.

10. This ground for equitable tolling has been rejected by the Tenth Circuit. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Gibson, at 808; and Barrientos v. Hightower, 34 Fed. Appx. 611, 2002 WL 21803, at * 2 (10th Cir. Jan. 8, 2002):

> allegations that the law library was inadequate, without more, do not toll the statute of limitations ... Mr. Barrientos fails to demonstrate any of the prerequisites to support equitable tolling ... He has not alleged and facts or offered any evidence of the steps he took, the lengths he went to, or the diligence he otherwise exercised during the time he claims deprivation of access to legal materials. Indeed even after Mr. Barrientos was afforded access to adequate legal materials, he waited six months before filing his claim.

11. The court in Barrientos noted that the petitioner was able to file legal documents with the courts during the period he claims he was denied law library access, "events that cast doubts on his claim that he lacked access to the courts." Id., at *1. Similarly, Petitioner Gonzales in the present

4

case was able to prepare, have notarized, and file his first state habeas petition while he was incarcerated in Arizona. [Ex. K to Doc. 1]. The deadline for seeking certiorari in the New Mexico Supreme Court following denial of this petition fell during his time of incarceration in Arizona, and while this might explain why he did not seek certiorari at that time, it does not explain why he didn't make any attempt to seek additional time in the state courts, or why he waited almost two and half years after his return to New Mexico to file his second state habeas, or why he waited well over three and half years to file his federal habeas petition.

12. This case does fall within any of the exceptions set forth in 28 U.S.C. § 2244(d)(1)(B-D), nor does it present the "rare and exceptional circumstances" necessary to justify equitable tolling. Gibson, at 808, *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The Court finds that Gonzales' petition is time-barred.

## Recommended Disposition

That the petition be denied and the action be dismissed with prejudice, and that Gonzales' Motion for Order for Status and Final Disposition on Case [Doc. 17] be denied as moot.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge